THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Mark Barton, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Amy Barton, Appellant.
 
 
 
 
 

Appeal From Aiken County
Dale Moore Gable, Family Court Judge

Unpublished Opinion No. 2010-UP-171
 Submitted February 1, 2010  Filed March
1, 2010    

AFFIRMED

 
 
 
 Mark J. Devine, of Aiken, for Appellant.
 Gregory Harlow, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Amy
 Barton (Wife) appeals the family court's division of marital assets and
 obligations.  Specifically, Wife avers the family court erred in awarding Mark
 Barton (Husband) 50% of the motor home's equity.  We affirm[1] pursuant
 to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 20-3-630(A) (Supp. 2009) (defining marital property as
 "all real and personal property which has been acquired by the parties
 during the marriage and which is owned as of the date of filing or commencement
 of marital litigation"); S.C. Code Ann. § 20-3-620(B) (Supp. 2009) (identifying
 the fifteen factors of equitable
 distribution which the family court judge must consider during the apportionment
 of marital property); Nasser-Moghaddassi
 v. Moghaddassi, 364 S.C. 182, 197, 612 S.E.2d 707, 715 (Ct. App. 2005)
 (holding property acquired during the marriage should be divided and
 distributed in a manner which fairly reflects each spouse's contribution to its
 acquisition, regardless of which spouse holds legal title);  Jenkins v.
 Jenkins, 345 S.C. 88, 98, 545 S.E.2d 531, 536 (Ct. App. 2001) (finding
 property bought by marital funds is subject to equitable distribution); Johnson
 v. Johnson, 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct. App. 1988) ("If
 the end result is equitable, it is irrelevant that this [c]ourt might have
 weighed specific factors differently than the trial judge.").  
AFFIRMED.
SHORT,
 WILLIAMS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.